UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| YAMILETH RODRIGUEZ, individually and on behalf of others similarly situated,<br><br>         Plaintiff,<br><br>  -against-<br><br><br>TABLE 46 LLC d/b/a GYROLICIOUS GREEK GRILL and STEVEN KRAM,<br><br>        Defendants. | Case No.:<br><br><br>**COMPLAINT**<br><br>**Collective Action and Class Action Complaint** |

Plaintiff YAMILETH RODRIGUEZ, individually and on behalf of other similarly situated employees by and through her attorneys, FISHER TAUBENFELD LLP, allege against Defendants TABLE 46 LLC d/b/a GYROLICIOUS GREEK GRILL ("Gyrolicious" or the "Corporate Defendant"), and STEVEN KRAM ("Defendant Kram") (the Corporate Defendant and Defendant Kram are collectively "Defendants") as follows:

## JURISDICTION AND VENUE

1.    This Court has subject matter jurisdiction pursuant to 29 U.S.C. § 201 *et seq.* (Fair Labor Standards Act), 28 U.S.C. § 1337 (interstate commerce), and 28 U.S.C. § 1331 (original federal question jurisdiction). Supplemental jurisdiction over the New York State law claims is conferred by 28 U.S.C. § 1367(a), as such claims are so related in this action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

2.    Venue is proper in this District because Defendants conduct business in this district, and the acts and/or omissions giving rise to the claims alleged herein took place in this District.

## THE PARTIES

3.      Upon information and belief, the Corporate Defendant is a domestic business corporation previously organized and existing under the laws of the State of New York and maintains its principal place of business at 24A Jericho Turnpike, Jericho, New York 11753.

4.      Upon information and belief, at all times relevant hereto, the Corporate Defendant has been a business or enterprise engaged in interstate commerce employing more than two (2) employees and earning gross annual sales over $500,000.

5.      Upon information and belief, at all relevant times hereto, Defendants have been and continue to be "employers" engaged in interstate "commerce" and/or in the production of "goods" for "commerce," within the meaning of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 203.

6.      Defendants constitute an enterprise within the meaning of the FLSA, 29 U.S.C. § 203(r).

7.      At all relevant times hereto, Plaintiff was engaged in interstate "commerce" within the meaning of the FLSA.

8.      Upon information and belief, Defendant Kram resides in the State of New York and is an owner, manager and/or employee of the Corporate Defendant.

9.      Upon information and belief, the Corporate Defendant is the owner of Gyrolicious ("Restaurant"), which is engaged in the business of serving food and drinks to customers and is located at 24A Jericho Turnpike, Jericho, New York 11753.

10.     The Restaurant is a Greek-themed restaurant. Defendants employ waitress, cooks, dish washers, busboys, and other employees in both the front and back of the house all of

whom, upon information and belief, are paid less than required under federal and New York State law for their work each day.

11.    Upon information and belief Defendant Kram is a principal and officer of Gyrolicious.

12.    Defendant Kram possess the authority to hire and fire employees, supervise their work schedules, set their rates of pay and maintain payroll records.

13.    Defendant Kram approves the payroll practices for Gyrolicious' employees, including Plaintiff.

14.    Defendant Kram possesses operational control over Gyrolicious and its employees through his financial control over Gyrolicious.

15.    Plaintiff has been employed by Defendants to work as a dish washer, cook and prep-cook within the last six (6) years.

16.    Defendant Kram's business is engaged in the County of Nassau. He is individually sued in his capacities as an owner, officer, employee, and/or agent of the Corporate Defendant.

17.    Defendant Kram exercises sufficient operational control over the Corporate Defendant's operations to be considered Plaintiff's employer under FLSA and New York State Labor Law ("NYLL").

18.  At all relevant times, Defendants have been Plaintiff's employers within the meaning of the NYLL §§ 2 and 651.

## NATURE OF THE ACTION

19.    Plaintiff brings this action (a) pursuant to the FLSA and the regulations thereto on behalf of herself and other similarly situated employees who were employed by

3

Defendants within three (3) years before the filing of the instant Complaint; and (b) pursuant to the NYLL (§ 650 *et seq.*) and the New York Commissioner of Labor's Wage Order (the "Wage Orders,") codified at 12 N.Y.C.R.R. 146 *et seq.* on behalf of herself and other similarly situated employees who worked on or after the date that is six (6) years before the filing of the instant Complaint, based upon the following acts and/or omissions which Defendants committed:

    i.    Defendants' failure to pay overtime compensation required by federal and state law and regulations to Plaintiff who worked in excess of forty (40) hours per week; and

    ii.    Defendants' failure to provide Plaintiff with a wage notice and paystubs as required by NYLL § 195.

20.    Plaintiff also brings a claim for retaliation under the FLSA's retaliation provision, 29 U.S.C. §215 and the NYLL's retaliation provision, NYLL §215.

21.    Plaintiff also brings a claim for sex discrimination, harassment and retaliation under the New York State Human Rights Law, Executive Law §290 *et seq.* ("NYSHRL").

22.    Defendants have knowingly and willfully engaged in a policy, pattern or practice of violating the FLSA and NYLL, as detailed in this Complaint.

## FACT ALLEGATIONS

### I.    Defendants' Wage and Hour Violations.

23.    At all times relevant hereto, Defendants have committed the following acts and/or omissions intentionally and willfully, with knowledge that they have been violating federal and state laws and that Plaintiff has been and continues to be economically injured.

24.     Defendants have maintained a policy and practice of failing to pay overtime compensation required by federal and New York State law and regulations to Plaintiff and other similarly situated employees who worked in excess of forty (40) hours per week.

25.     Defendants have maintained a policy and practice of failing to properly pay their employees.

26.     Defendants have maintained a policy and practice of failing to provide Plaintiff and other similarly situated employees with proper wage notices and paystubs.

**A. Plaintiff's Schedule and Pay.**

27.     Plaintiff worked for Defendants as a dishwasher, cook, and prep-cook from approximately October 2017 until Defendants terminated her on October 8, 2018.

28.     Plaintiff generally worked six (6) to seven (7) days a week for eight to ten hours a day.

29.     Defendants' compensated Plaintiff at the rate of $11.00 an hour until on or about September 2018, when Defendants raised Plaintiff's rate to $12.00 an hour.

30.     Plaintiff's schedule was generally from 10:00 a.m. to 6:00 p.m., although she regularly worked as late as 7:00 p.m. to 8:00 p.m. two (2) to three (3) times a week.

31.     As a result, throughout her employment, Plaintiff regularly worked more than 40 hours a week.

32.     Defendants, however, failed to pay Plaintiff for all of the hours worked.

33.     For example, in the one-week period ending on September 30, 2018, Plaintiff worked a total of 66 hours but was only compensated for 50 hours of regular and overtime work.

34.    In addition, Defendants unlawfully deducted thirty minutes a day for Plaintiff's lunch break even though Plaintiff did not take a lunch.

35.    As a result, Defendants failed to pay Plaintiff for three or more hours of work for each week worked.

36.    As such, Defendants violated both the federal Fair Labor Standard Act and the New York Labor Law by failing to pay Plaintiff at the proper rate of time-and-a-half for her extensive overtime hours.

**B. Additional Violations Affecting Plaintiff.**

**1. Notice and Recordkeeping Violations**

37.    Defendants failed to provide Plaintiff with a wage notice in compliance with NYLL § 195.

38.    Defendants did not provide Plaintiff with a notice specifying her rate of pay, the basis of pay, allowances (if any) claimed against the minimum wage (e.g., tips, meals, lodging, etc.), or the identification of the regular pay day.

39.    Defendants also did not provide Plaintiff with proper paystubs specifying the pay period, her hourly rate of pay, the regular and overtime hours she worked, or all the other information required under NYLL § 195.

40.    Although Defendants provided Plaintiff with paystubs on a weekly basis, the paystubs unlawfully failed to record the actual hours Plaintiff worked each week.

41.    Accordingly, Defendants have willfully disregarded and purposefully evaded recordkeeping requirements of the FLSA and NYLL and supporting regulations.

### 2. Defendants' Retaliation Against Plaintiff Because of Her Complaints About Wages

42.    Defendants terminated Plaintiff because she complained about being paid unlawfully under federal and state law.

43.    On October 5, 2018, Plaintiff complained to Defendant Kram about her unpaid wages for the week ending on September 30, 2018.

44.    During the week of September 30, 2018 Plaintiff worked 66 hours but was only compensated for 50 hours that week.

45.    Defendant Kram denied all of Plaintiff's claims and became angry towards her.

46.    On October 8, 2018, Defendants terminated Plaintiff in retaliation for her complaining about her unpaid wages.

### 3. Sex Discrimination and Harassment Against Plaintiff.

47.    Defendants also discriminated against Plaintiff because of her sex and further sexually harassed her because of her sex.

48.    Defendants did not have a dress code for back-of-the-house employees.

49.    As a result, Plaintiff wore comfortable leggings to work.

50.    Defendants never advised any concern to Plaintiff about her dress.

51.    Throughout almost half of her employment, a male employee used to gawk at her and touch himself him in sexually suggestive while she was working.

52.    When Plaintiff expressed her concerned about this behavior to Mr. Kram, he advised Plaintiff to ignore the conduct.

53.    Ultimately, on October 8, 2018, Defendants advised Plaintiff for the first time that her dress was supposedly inappropriate and terminated her.

II.     **Collective Action Allegations.**

54.     Defendants' violations of the FLSA and NYLL extend beyond the Plaintiff to all other similarly situated employees.

55.     Plaintiff's Consent to Sue is attached as **Exhibit 1**.

56.     Plaintiff seeks certification of this action as a collective action on behalf of herself, individually, and all other similarly situated current and former employees of Defendants pursuant to 29 U.S.C. § 216(b).

57.     Upon information and belief, there are at least 40 waitress, cooks, busboys, dishwashers and other employees in both the front and back of the house performing similar duties who have been denied overtime compensation while working for Defendants.

58.     At all relevant times, Plaintiff and others who are and/or have been similarly situated, have had substantially similar job requirements and pay provisions, and have been subject to Defendants' common practices, policies, programs, procedures, protocols and plans of willfully failing and refusing to pay the statutorily required overtime compensation for hours worked in excess of forty (40) per workweek.  Plaintiff's claims stated herein are similar to those of other employees.

59.     Similarly situated former and current employees are readily identifiable and locatable through Defendants' records.  These similarly situated employees should be notified of and allowed to opt-in to this action, pursuant to 29 U.S.C. § 216(b).

III.    **Class Action Allegations Under Fed. R. Civ. P. 23(b)(3) for Violations of the NYLL.**

60.     Plaintiff brings this action collectively on behalf of herself and other similarly situated employees who did not receive compensation required by the NYLL in respect

to their work for Defendants and who have worked for the Defendants as waitress, cooks, busboys, dishwashers and other employees in both the front and back of the house on or after the date that is six (6) years before the filing of the instant Complaint.

61.     Upon information and belief, this class of persons consists of not less than 40 persons, and the class is thus so numerous that joinder of all members is impracticable under the standards of Fed.R.Civ.P.23(a)(1).

62.     There are questions of law and fact common to the class, which predominate over any questions affecting only individual members, specifically: whether employment of Plaintiff by Defendants is subject to jurisdiction and wage and overtime requirements of the NYLL.

63.     The claims of Plaintiff are typical of the claims of the above-described class in that all of the members of the class have been similarly affected by the acts and practices of Defendants.

64.     Plaintiff will fairly and adequately protect the interests of the members of the class, in that her interests are not adverse to the interests of other members of the class.

65.     A class action is superior to the other available methods for the fair and efficient adjudication of the controversy under the standards of Fed.R.Civ.P.23(b)(3).

66.     Plaintiff brings the second and third claims for relief herein on behalf of herself and all other persons similarly situated as a class action pursuant to Fed.R.Civ.P. 23, in respect to all claims that Plaintiff and all persons similarly situated have against Defendants as a result of Defendants' violations of NYLL.

## FIRST CLAIM FOR RELIEF
### (Overtime Wage Violations under the FLSA against all Defendants)

67.     Plaintiff repeats and realleges all paragraphs above as though fully set forth herein.

68.     Throughout the statute of limitations period covered by these claims, Plaintiff regularly worked in excess of forty (40) hours per workweek.

69.     At all relevant times hereto, Defendants have had and operated under a decision, policy and plan, and under common policies, programs, practices, procedures, protocols, routines and rules of knowingly and willfully failing and refusing to pay Plaintiff and others similarly situated at one and a half times their regular rate of pay for all hours of work in excess of forty (40) hours per workweek, and willfully failing to keep required records, in violation of the FLSA.

70.     Plaintiff seeks damages in the amount of their respective unpaid compensation, liquidated (double) damages as provided by the FLSA, attorneys' fees and costs, and such other legal and equitable relief as this Court deems just and proper.

## SECOND CLAIM FOR RELIEF
### (Overtime Wage Violations under NYLL against all Defendants)

71.     Plaintiff repeats and realleges all paragraphs above as though fully set forth herein.

72.     New York law prohibits an employer from permitting an employee to work without paying overtime wages of 150% of his or her regular rate for all hours worked in excess of forty (40) in any workweek.

73.     Throughout the statute of limitations period covered by these claims, Defendants knowingly, willfully, regularly and repeatedly failed to pay Plaintiff and others similarly situated at the required overtime rates, one and a half times their regular rate of pay, for hours worked in excess of forty (40) per workweek.

74.     As a direct and proximate result of Defendants' willful and unlawful conduct, as set forth herein, Plaintiff and others similarly situated have sustained damages and seek recovery for unpaid wages in an amount to be determined at trial, attorneys' fees, costs, liquidated damages and prejudgment interest as provided by NYLL § 663 and supporting regulations, and such other legal and equitable relief as this Court deems just and proper.

## THIRD CLAIM FOR RELIEF
### (NYLL Failure to Notify against all Defendants)

75.     Plaintiff repeats and realleges all paragraphs above as though fully set forth herein.

76.     Pursuant to §195(1) of the NYLL, within ten business days of Plaintiff and other similarly situated employees' hiring, Defendants were obligated to provide them with a notice describing, *inter alia*, their hourly regular and overtime rates of pay.

77.     Pursuant to §195(3) of the NYLL, Defendants are obligated to provide Plaintiff and other similarly situated employees with a wage statement, along with their pay, that specified their rate of pay, their hours worked, and the pay period.

78.     Defendants failed to provide Plaintiff and other similarly situated employees with a notice or paystub in accordance with §195 of the NYLL.

79.     As a direct and proximate result of Defendants' willful and unlawful conduct, as set forth herein, Plaintiff and other similarly situated employees have sustained damages and seek damages in accordance with §195 of the NYLL for each week Defendants failed to provide such notice and paystubs, along with attorneys' fees, costs and prejudgment interest as provided by NYLL § 198 and supporting regulations, and such other legal and equitable relief as this Court deems just and proper.

**FOURTH CLAIM FOR RELIEF**
**(New York Labor Law Retaliation Against all Defendants)**

80.    Plaintiff repeats and realleges all paragraphs above as though fully set forth herein.

81.    New York State Labor Law § 215 prohibits an employer from terminating or disciplining an employee because "such employee has made a complaint to his or her employer, or to the commissioner or his or her authorized representative, or to the attorney general or any other person, that the employer has engaged in conduct that the employee, reasonably and in good faith, believes violates any provision of this chapter."

82.    In committing the above-mentioned retaliatory acts, Defendants have discharged and retaliated against Plaintiff for making a complaint that Defendants violated the NYLL.

83.    As a direct and proximate result of Defendants' unlawful conduct, as set forth herein, Plaintiff has sustained damage and seeks recovery for retaliation in an amount to be determined at trial, attorneys' fees, costs, liquidated damages and prejudgment interest as provided by NYLL § 215 and supporting regulations, and such other legal and equitable relief as this Court deems just and proper.

**FIFTH CLAIM FOR RELIEF**
**(FLSA Retaliation against all Defendants)**

84.    Plaintiff repeats and realleges all paragraphs above as though fully set forth herein.

85.    29 U.S.C. § 215 prohibits employers from "discharg[ing] or in any other manner discriminat[ing] against . . . any employee because such employee has filed any complaint or instituted . . . any proceeding under or related to this chapter."

86.     In committing the above-mentioned retaliatory acts, Defendants have discharged and retaliated against Plaintiff for making a complaint that Defendants violated the FLSA.

87.     As a direct and proximate result of Defendants' unlawful conduct, as set forth herein, Plaintiff has sustained damage and seeks recovery for retaliation in an amount to be determined at trial, attorneys' fees, costs, liquidated damages and prejudgment interest as provided by FLSA § 216 and supporting regulations, and such other legal and equitable relief as this Court deems just and proper.

### SIXTH CLAIM FOR RELIEF
**(NYSHRL Sex Discrimination Against All Defendants)**

88.     Plaintiff repeats and realleges all paragraphs above as though fully set forth herein.

89.     Defendants discriminated against Plaintiff on the basis of her sex by subjecting her to a hostile work environment, which affected the terms, conditions, and privileges of her employment.

90.     Defendants knew their actions constituted discrimination.    Thus, Defendants willfully disregarded Plaintiff's statutorily protected rights.

91.     Plaintiff has suffered and will continue to suffer irreparable injury, monetary damages, mental anguish, humiliation, and damage to his reputation as a proximate result of Defendants' discriminatory practices, unless and until this Court grants the relief hereinafter described.

## SEVENTH CAUSE OF ACTION
### (NYSHRL Retaliation Against All Defendants)

92.     Plaintiff repeats and realleges all paragraphs above as though fully set forth herein.

93.     By the acts and practices described above, Defendants retaliated against Plaintiff because she complained about violations of the NYSHRL, in violation of the NYSHRL.

94.     Defendants knew that their actions constituted unlawful retaliation and/or acted with malice or reckless disregard for Plaintiff's statutorily protected rights.

95.     Plaintiff has suffered and will continue to suffer irreparable injury, monetary damages, mental anguish, humiliation, and damage to her reputation as a proximate result of Defendants' retaliatory practices, unless and until this Court grants the relief hereinafter described.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment awarding:

A. Compensatory Damages in an amount to be determined at trial;

B. Prejudgment Interest;

C. Liquidated Damages pursuant to the FLSA and NYLL;

D. Back Pay, Front Pay, and damages for all employment benefits Plaintiff would have received but for the discriminatory and retaliatory acts and practices of Defendants;

E. Compensatory, punitive, mental anguish, pain and suffering damages sustained as a result of Defendants' discriminatory and retaliatory conduct;

F. Plaintiff's costs and reasonable attorneys' fees; and

G. Any relief the Court deems just and proper.

Dated:  May 14, 2021
           New York, New York

                                                    Respectfully submitted,


                                                    *Michael Taubenfeld*
                                                    Michael Taubenfeld
                                                    FISHER TAUBENFELD LLP
                                                    225 Broadway, Suite 1700
                                                    New York, New York 10007
                                                    Phone: (212) 571-0700
                                                    Facsimile: (212) 505-2001
                                                    *ATTORNEYS FOR PLAINTIFF*

# EXHIBIT 1

## <u>AUTORIZACIÓN PARA DEMANDAR BAJO LA LEY FEDERAL DE NORMAS RAZONABLES DE TRABAJO</u>

Soy un individuo que fue empleado de Gyrolicious Greek Grill o de entidades relacionadas.

Autorizo ser demandante en una acción para recolectar sueldos impagos. Acepto cumplir con los

términos del Contrato de Prestación de Servicios Profesionales que firmé para este caso.

DocuSigned by:

9B666EFF939C47A...

_____

NOMBRE

DocuSigned by:

9B666EFF939C47A...

_____

FIRMA

5/12/2021

_____

FECHA

## <u>CONSENT TO SUE UNDER FEDERAL FAIR LABOR STANDARDS ACT</u>

I am an individual who was formerly employed by Gyrolicious Greek Grill and/or related entities.

I consent to be a plaintiff in an action to collect unpaid wages.  I agree that I am bound by the terms

of the Professional Services Agreement signed by me in this case.

_____
SIGNATURE

_____
DATE

I hereby declare that I am fluent in both the Spanish and English languages and that English
translation of the above Consent to Sue form is a true translation of the Spanish Consent to Sue
form signed by Yamileth Rodriguez.

_____
MATTHEW VASQUEZ