F I S H E R  |  T A U B E N F E L D  L L P

225 Broadway, Suite 1700
New York, New York 10007
**Main** 212.571.0700
**Fax** 212.505.2001
www.fishertaubenfeld.com

Writer's direct dial: (212) 571-0700 ex. 102
Writer's email: michael@fishertaubenfeld.com

December 19, 2022

**VIA ECF**
Hon. Steven I. Locke
United States District Court
Eastern District of New York
Theodore Roosevelt Federal Courthouse
225 Cadman Plaza East
Brooklyn, NY 11201

    Re:    Yamileth Rodriguez v. Table 46 LLC d/b/a Gyrolicious Greek Grill et al.
                 Case No. 2:21-cv-02760-JS-SIL

Dear Judge Locke:

    We represent Plaintiff in this action. The parties write to respectfully request that the Court approve their settlement as fair and reasonable under Cheeks v. Freeport Pancake House, Inc., 796 F.3d 199 (2d Cir. 2015) and sign the Stipulation of Dismissal attached as the last page of the parties' settlement agreement attached as **Exhibit 1**.

    **1.    Factual Background and Procedural History.**

    Defendants hired Plaintiff Yamileth Rodriguez in October 2017 as a dish washer, cook and prep-cook, a position she continued to hold until Defendants terminated her employment on October 8, 2018. In this position, Ms. Rodriguez generally worked six to seven days a week, for eight to ten hours a day. Although Ms. Rodriguez worked more than 40 hours a week, Defendants allegedly failed to pay her for all of the hours worked. Plaintiff also claims that Defendants unlawfully deducted daily thirty minutes a day for her lunch break even though she asserts that she did not take a lunch. As a result, Plaintiff alleges that Defendants violated the FLSA and NYLL by failing to pay her for three or more hours of lunch for each week worked. Further, Plaintiff alleges that Defendants violated NYLL 195 by failing to provide her with a wage notice upon hire or paystubs that listed all of her hours.

    Further, according to Plaintiff, Defendants terminated her employment for complaining about her unpaid overtime wages and unpaid lunches. In October 2018, Ms. Rodriguez complained to the owner, Defendant Kram, about her unpaid wages for the week ending

on September 30, 2018. Defendants terminated Plaintiff a few weeks later, which according to Plaintiff was retaliation for making complaints.[1]

Plaintiff filed this case in May 2021. The parties then engaged in discovery and exchanged documents. Defendants' documents disputed some of Plaintiff's allegations, in particular that she was not paid properly for all of the hours she worked.

Plaintiff calculated a total of $4,340.00 for her unpaid minimum wage, overtime, and spread-of-hours damages, the same amount for liquidated damages, and $10,000 for NYLL §195 violations. Plaintiff's wage damages therefore total $19,784.00.[2]

Prior to depositions, the parties engaged in settlement discussions. The parties ultimately reached a settlement and executed an agreement. (**Exhibit 1**). Under the Agreement, Plaintiff is to receive $75,000 no later than 14 days after settlement approval, and in exchange Plaintiff agrees to release her FLSA and NYLL claims, as well as the retaliation claims she asserted in this case. There are no nondisparagement or confidentiality clauses in the agreement. Under the Agreement, of the $75,000, Plaintiff will receive $49,592.00, and my firm will receive $25,408.00 in attorneys' fees and costs, which represents one-third of the settlement after deducting $612.00 in costs.

### 2. The Settlement is Proper Under Cheeks.

The Court should approve the settlement. In determining whether to approve a settlement, courts often look at the following factors:

> (1) the plaintiff's range of possible recovery; (2) the extent to which the settlement will enable the parties to avoid anticipated burdens and expenses in establishing their respective claims and defenses; (3) the seriousness of the litigation risks faced by the parties; (4) whether the settlement agreement is the product of arm's-length bargaining between experienced counsel; and (5) the possibility of fraud or collusion.

Guajardo v. Titan Constr. Servs. LLC, No. 19-CV-1551 (OTW), 2020 WL 1922642, at *2 (S.D.N.Y. Apr. 21, 2020).

The settlement is reasonable under these factors. The settlement amount constitutes over 10 times Plaintiff's best-case unpaid minimum wage, overtime wage, and spread-of-hours payments under the FLSA and NYLL. Given the significant risks and burdens of this litigation, especially the fact that Defendants maintained time and pay records, that amount is justified. Plaintiff therefore benefits from receiving her damages now without waiting potentially years to

---

[1] Plaintiff also alleged that Defendants created a dress code specifically for her and terminated her after she complained about a male employee touching himself in a sexually suggestive manner while looking at her. Plaintiff asserted claims under the New York State Human Rights Law based on this conduct.

[2] Plaintiff calculated her wage retaliation and sex discrimination and retaliation damages as follows: $126,117.94 in backpay and $100,000 in emotional distress damages.

recover and taking the risk of recovering nothing at all. Further, the parties negotiated in good faith and at arms-length.[3]

Notably, no extra factors support denying the settlement. The release is limited to wage-and-hour claims and the claims in this lawsuit, and there are no confidentiality or nondisparagement provisions.

Finally, the attorneys' fees and costs are reasonable. Under the agreement, my firm will receive $24,796.00 in attorneys' fees, which represents one-third of the settlement after deducting $612.00 in costs. The costs are comprised entirely of the filing fee and service costs. Courts regularly approve attorneys' fees of one-third of the settlement amount in FLSA cases. Guajardo, 2020 WL 1922642, at *3; Meza v. 317 Amsterdam Corp., No. 14-CV-9007 (VSB), 2015 WL 9161791, at *2 (S.D.N.Y. Dec. 14, 2015); Merino Leon v. Univ 45 Fruit & Vegetable Corp., No. 19-CV-8266 (RA), 2020 WL 1322580, at *2 (S.D.N.Y. Mar. 20, 2020).

The costs are appropriate as well. Plaintiff's costs total $612.00 and include the $402 filing fee and $210 for service fees. These costs are reasonable.

Accordingly, the Court should approve Plaintiff's attorneys' fees and costs.

Thank you for your attention to the above.

                                                  Respectfully Submitted,
                                                  --------------------/s/----------------
                                                  Michael Taubenfeld

Encl.

---

[3] Plaintiff also has significant risk on her retaliation and sex discrimination and retaliation claims. Defendants vigorously dispute Plaintiff's allegation that they filed her because she complained about her pay and their employee's sexual misconduct.